IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMAR ANTOINE FOSTER,

    Petitioner,               No. CIV S-09-3238 GGH P

   vs.

DOMINGO URIBE, JR.,

    Respondent.         ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. On November 17, 2009, this action was transferred from the United States District Court for the Northern District of California.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

       The petition raises the following claims: 1) petitioner's statement was coerced; 2) his sentence violates the Sixth Amendment; 3) ineffective assistance of trial and appellate counsel.

/////

1         The exhaustion of state court remedies is a prerequisite to the granting of a
2 petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must
3 be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,
4 thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
5 providing the highest state court with a full and fair opportunity to consider all claims before
6 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512
7 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
8         After reviewing the petition, it is clear that petitioner's ineffective assistance of
9 trial and appellate counsel claims have not been presented to the California Supreme Court.
10 Petitioner's Sixth Amendment claim also may not be exhausted.
11         Petitioner's option is either to voluntarily dismiss the unexhausted claims and
12 proceed on the exhausted claims only or to stay the instant action pending exhaustion of the
13 unexhausted claims.
14         In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States
15 Supreme Court found that a stay and abeyance of a mixed federal petition should be available
16 only in the limited circumstance that good cause is shown for a failure to have first exhausted the
17 claims in state court, that the claim or claims at issue potentially have merit and that there has
18 been no indication that petitioner has been intentionally dilatory in pursuing the litigation.
19 Rhines, supra, at 277-78, 125 S.Ct at 1535.
20         Within twenty-eight days of the date of this order, petitioner shall file briefing
21 addressing whether he wishes to dismiss the unexhausted claims and proceed on the unexhausted
22 claims only *or* seek a stay to exhaust the unexhausted claims.  If petitioner wishes to stay this
23 action, he shall also file within twenty-eight days a motion to stay addressing the Rhines factors.
24 The motion to stay must identify which claims are exhausted and which are not.  If petitioner has
25 in fact exhausted all claims with the California Supreme Court, he shall demonstrate this
26 exhaustion to the undersigned.

1    In the alternative, petitioner may proceed with a stay request as outlined in <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) citing <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Within twenty-eight days petitioner shall file briefing, as described above, addressing how he wishes to proceed as to his unexhausted claims.

DATED: December 7, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

fos3238.ord