1

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                    FOR THE EASTERN DISTRICT OF CALIFORNIA

11   JAMAR ANTOINE FOSTER,

12              Petitioner,               No. CIV S-09-3238 GGH P

13        vs.

14   DOMINGO URIBE, JR.,

15              Respondents.              ORDER

16   _____/

17              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  On December 4, 2009, petitioner consented to the

19   jurisdiction of the undersigned.  For the following reasons, the unexhausted claims in the petition

20   are dismissed and respondent is ordered to file a response to the exhausted claims.

21              The petition raises the following claims: 1) petitioner's statement was coerced; 2)

22   his sentence violates the Sixth Amendment; 3) ineffective assistance of trial and appellate

23   counsel.

24              The exhaustion of state court remedies is a prerequisite to the granting of a

25   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

26   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

1

1   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

2   providing the highest state court with a full and fair opportunity to consider all claims before

3   presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276,  92 S. Ct. 509, 512

4   (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert</u>. <u>denied</u>, 478 U.S. 1021 (1986).

5          After reviewing the petition, it is clear that petitioner's ineffective assistance of

6   trial and appellate counsel claims have not been presented to the California Supreme Court.

7   Petitioner's Sixth Amendment claim also may not be exhausted.

8          Petitioner's option is either to voluntarily dismiss the unexhausted claims and

9   proceed on the exhausted claims only or to stay the instant action pending exhaustion of the

10   unexhausted claims.

11          In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States

12   Supreme Court found that a stay and abeyance of a mixed federal petition should be available

13   only in the limited circumstance that good cause is shown for a failure to have first exhausted the

14   claims in state court, that the claim or claims at issue potentially have merit and that there has

15   been no indication that petitioner has been intentionally dilatory in pursuing the litigation.

16   <u>Rhines</u>, <u>supra</u>, at 277-78, 125 S.Ct at 1535.

17          On December 7, 2009, the undersigned granted petitioner twenty-eight days to file

18   briefing addressing whether he wished to dismiss the unexhausted claims and proceed on the

19   unexhausted claims only *or* seek a stay to exhaust the unexhausted claims.  If petitioner wished

20   to stay this action, the December 7, 2009, order instructed him to file within twenty-eight days a

21   motion to stay addressing the <u>Rhines</u> factors.  In the alternative, the December 7, 2009, order

22   stated that petitioner could proceed with a stay request as outlined in <u>King v. Ryan</u>, 564 F.3d

23   1133 (9th Cir. 2009) citing <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).

24   /////

25   /////

26   /////

1    On December 21, 2009, petitioner filed a motion to stay.  Petitioner does not
2  identify which claims are not exhausted.  Petitioner states that as a result of his "lack of prior
3  experience in legal matters" he was not aware that his claims were not properly exhausted.
4  Petitioner's lack of legal experience does not constitute good cause justifying his failure to
5  exhaust his unexhausted claims prior to filing the instant action.  See Hughes v. Idaho State Bd.
6  of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).  Accordingly, petitioner's motion to stay is
7  denied.  It is clear that the ineffective assistance of trial and appellate counsel claims are
8  unexhausted.  Accordingly, those claims are dismissed.  Because the undersigned cannot say for
9  sure that petitioner's Sixth Amendment claim is unexhausted, it will not be dismissed.

10    Accordingly, IT IS HEREBY ORDERED that:

11    1.  Petitioner's December 21, 2009, motion to stay (no. 8) is denied;

12    2.  The unexhausted ineffective assistance of trial and appellate counsel claims are
13  dismissed as unexhausted;

14    3.  Respondents are directed to file a response to petitioner's claims that his
15  statement was coerced and his sentence violates the Sixth Amendment within sixty days from the
16  date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be
17  accompanied by all transcripts and other documents relevant to the issues presented in the
18  petition.  See Rule 5, Fed. R. Governing § 2254 Cases;

19    4.  If the response to the habeas petition is an answer, petitioner's reply, if any,
20  shall be filed and served within thirty days after service of the answer;

21    5.  If the response to the habeas petition is a motion, petitioner's opposition or
22  statement of non-opposition to the motion shall be filed and served within thirty days after
23  service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days
24  thereafter; and
25  /////
26  /////

1    6.  The Clerk of the Court shall serve a copy of this order, *the*

2  *consent/reassignment form contemplated by Appendix A(k) to the Local Rules of this court*

3  together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on

4  Michael Patrick Farrell,  Senior Assistant Attorney General.

5  DATED: January 14, 2010

6

7                                                    /s/ Gregory G. Hollows
   _____
8  fos3238.sta                              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26